JAY CLAYTON
United States Attorney
Southern District of New York
Attorney for Plaintiff
By: TARA SCHWARTZ
     MARY ELLEN BRENNAN
Assistant United States ~~Attorney~~Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2633 / 2652
Email: ~~tara.schwartz~~tara.schwartz@usdoj.gov
       maryellen.brennan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>                    -v.-<br><br>~~JAMES R. MCWILLIAM, CATHERINE O. MCWILLIAM, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEWREZ LLC d/b/a/ SHELLPOINT MORTGAGE SERVICING, and JOHN DOES 1-10,~~<br><br>JAMES R. MCWILLIAM, *et al.*,<br><br>                          Defendants. | **AMENDED COMPLAINT**<br><br>7:25 Civ. 4143 |

Plaintiff the United States of America (the "United States"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, alleges upon information and belief as follows:

**INTRODUCTION**

1. This is a civil action brought by the United States on behalf of its agency, the Internal Revenue Service ("IRS"), to (a) reduce to judgment the assessments of certain federal tax liabilities of defendants James R. McWilliam and Catherine O. McWilliam (together,

"~~Defendants~~the "McWiliams") for unpaid taxes, penalties, and interest provided by law; and (b) enforce and foreclose on tax liens upon real property owned by the ~~Defendants~~McWiliams at 45 Wainwright Street, Rye, New York 10580 (the "Property").

2. This action has been authorized and requested by a delegate of the Secretary of Treasury and is brought at the direction a delegate of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because ~~Defendants~~the McWilliams reside in this District, the Property is located in this District, and the tax liabilities giving rise to this action accrued while the ~~Defendants~~McWilliams resided within this District.

## PARTIES

5. Plaintiff is the United States of America.

6. Defendant James McWilliam is a natural person whose primary residence is 21 Willet Avenue, Apt 410, Port Chester, New York, 10573.  Mr. McWilliam is married to Defendant Catherine McWilliam and co-owns the Property with her as tenants by the entirety.

7. Defendant Catherine McWilliam is a natural person whose primary residence is at the Property.

8. Defendant the New York State Department of Taxation and Finance ("New York Department of Taxation") is a state agency with offices located at 1740 Broadway, New York,

New York 10019.  It is named as a party herein because it may have or claim to have an interest in the proceeds of any sale of the Property.

9. Defendant Deutsche Bank National Trust Company, as Trustee for the Certificate holders of Soundview Home Loan Trust 2005-OPT3, Asset-Backed Certificates, Series 2005-OPT3 ("Deutsche Bank"), holds a mortgage on the Property and therefore, may have an interest in the proceeds of any sale of the Property.

9.10. Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") is a Delaware limited liability corporation with its principal place of business located at 55 Beattie Place, Suite 10, Mail Stop 005, Greenville, South Carolina 29601.  It is named as a party herein because it holds a mortgage on the Property andthat currently services the mortgage on the Property held by Deutsche Bank, and, therefore, may have an interest in the proceeds of any sale of the Property.

10.11. Defendants John Does 1-109 are fictitious persons or entities, unknown to the United States, who may have or claim to have an interest in the Property or in this action.

**FIRST CLAIM FOR RELIEF**
**(Reducing Tax Assessments to Judgment)**

11.12. The United States repeats and re-alleges the allegations in paragraphs 1 through 1011 as though set forth fully herein.

12.13. On the dates indicated below, a duly authorized delegate of the Secretary of Treasury made the following assessments against the DefendantsMcWilliams for deficiencies in the payment of federal income taxes for the years 2009, 2010, and 2012, and for Mr. McWilliam for tax year 2010.[1]  The outstanding obligations, which totaled $1,219,197.45 as of February 24,

---

[1] Mr. McWilliam is solely responsible for the 2010 deficiency as he filed his tax return as "Married Filing Separately" for that tax year.

2025, are set forth in the following table, along with the dates on which the IRS filed Notices of Federal Tax liens in Westchester County against ~~Defendants~~the McWilliams for tax years 2009, 2011, and 2012, and against Mr. McWilliam for tax year 2010.

| Taxpayers | Tax Year | Assessment Date | Assessment Type | Original Assessed Tax Amount | Total Original Assessed Amount (with accruals) | Total Current Assessed Amount | Total Current Amount (with accruals to May 31, 2025) | Notice of Federal Tax Lien Filing |
|---|---|---|---|---|---|---|---|---|
| James and Catherine McWilliam | 2009 | 7/13/2015 | Self-reported tax | $125,416.00 | $148,220.87 | $133,633.59 | $199,437.61 | 10/2/2019 |
| James McWilliam | 2010 | 6/15/2015 | Self-reported tax | $144,339.00 | $215,478.30 | | | 10/2/2019 |
| James McWilliam | 2010 | 5/9/2016 | Unagreed deficiency | $9,535.00 | $13,755.75 | $226,563.60 | $327,860.62 | 10/2/2019 |
| James and Catherine McWilliam | 2011 | 7/13/2015 | Self-reported tax | $171,542.00 | $205,484.03 | $249,029.85 | $360,409.51 | 10/2/2019 |
| James and Catherine McWilliam | 2012 | 6/8/2015 | Self-reported tax | $127,957.00 | $171,197.54 | | | 10/2/2019 |
| James and Catherine McWilliam | 2012 | 5/9/2016 | Unagreed deficiency | $37,569.00 | $54,475.05 | $211,018.54 | $319,982.52 | 10/2/2019 |
| | | | Totals | $616,358.00 | $808,611.54 | $820,245.58 | $1,207,690.26 | |

13.14.  The total current amounts in the above table reflect unpaid assessed balances and accrued penalties and interest as of May 31, 2025.  Interest, penalties, and other statutory additions are continuing to accrue on the outstanding obligations according to law.

14.15.  On or about the dates of the assessments set forth in the above table, the IRS issued notices of assessment and demands for payment to the DefendantsMcWilliams.

15.16.  On October 1, 2019, the IRS issued collection due process liens and levy notices to the DefendantsMcWilliams.

16.17.  The DefendantsMcWilliams failed to respond to these notices or otherwise pay the amounts due and the IRS undertook collection activity, including levies, seizure, and nominee liens.

17.18.  The IRS has attempted to levy Mr. McWilliam's wages and other income, from Montefiore New Rochelle Hospital, from November 6, 2019, through June 30, 2020, and then

5

from White Plains Hospital, beginning November 15, 2022.  The IRS collected $3,471.08 from the levy on Mr. McWilliam's wages from Montefiore New Rochelle Hospital.  The IRS collected $272,890.85 from the levy on Mr. McWilliam's wages and other income from White Plains Hospital.

18.19.  The IRS has also levied funds Defendants'in the McWilliams's account at USAA Bank, from which it collected $240,916.97.

19.20.  As of the date of this complaint, the IRS has collected a total of $517,278.90 in levied funds.  The IRS credited $41,078.28 of the amount it collected through levies to the Defendants'McWilliams's liability for tax year 2009 and credited a further $33,792.93 to the Defendants'McWilliams's liability for tax year 2012.  The IRS credited the remaining $442,407.69 that it levied to the Defendants'McWilliams's tax liability for tax year 2013, which is not at issue in this case.

20.21.  The IRS has made numerous other attempts to collect the foregoing tax liabilities through correspondence with the DefendantsMcWilliams.

21.22.  The DefendantsMcWilliams have not filed federal income tax returns since tax year 2014.

22.23.  By this action the United States seeks to reduce the aforementioned tax assessments to judgment.

**SECOND CLAIM FOR RELIEF**
**(Foreclosure on the Property)**

23.24.  The allegations in paragraphs 1 through 2123 above are repeated and realleged as though set forth fully herein.

24.25.  The federal tax liens arising in favor of the United States, described above, attach to all property or rights to property the DefendantsMcWilliams owned as of the dates of the

6

corresponding federal tax assessments, and include their interest in the Property (as well as to all property or rights to property thereafter acquired).  The federal tax liens remain attached to the Property as of the date of this complaint.

25.26.  The federal tax liens have not been satisfied.

26.27.  By this action the United States seeks to foreclose its liens against the Defendants'McWilliams's interest in the Property.

27.28.  Upon information and belief, the DefendantsMcWilliams are the sole owners of the Property.

28.29.  The DefendantsMcWilliams purchased the Property on or about August 3, 2005, for $830,000.  They have owned the Property continuously since that date, and are its current owners.

29.30.  To purchase the Property, the DefendantsMcWilliams took out a loan from H&R Block Mortgage Corporation that was secured by a mortgage on the Property.  The mortgage was recorded on October 3, 2005.

30.31.  The mortgage was transferred to Deutsche Bank in April 2008, and Shellpoint began servicing the mortgage on or aroundbehalf of Deutsche Bank in March 1,2025.  The remaining balance on the mortgage iswas approximately $574,704 as of March 3,2025.

31.32.  While the IRS has been levying Mr. McWilliam's wages, this levy is insufficient to recover the outstanding liabilities at issue.  Specifically, the wage garnishment will not fully satisfy the full outstanding liability before June 8, 2025, which is when the statute of limitations for collecting part of the Defendants'McWilliams's 2012 liability may expire.  As a result, without a foreclosure sale, the IRS is unlikely to recover full payment on the liabilities at issue within the collections period and will be substantially prejudiced.

32.33.  The New York State Department of Taxation, Shellpoint, Deutsche Bank, and Defendants John Does Nos. 1-109 are named herein because they may have, or may claim to have, interests in or liens on the Property, which may be affected by a foreclosure sale.

33.34.  No other action has been commenced at law or otherwise for the recovery of this sum or any part thereof.

WHEREFORE, plaintiff the United States demands judgment:

a) awarding the United States and reducing to judgment in its favor the amount of the assessed and accrued federal tax liabilities of the DefendantsMcWilliams, listed in paragraph 1213 above, including taxes, penalties, interest, fees, and statutory additions, which, as of May 31, 2025, are expected to total $879,829.64, plus interest, penalties, and statutory additions accruing thereon from May 31, 2025, to the date of judgment (less any payment made and accredited against the foregoing), for tax years 2009, 2011, and 2012;

b) awarding the United States and reducing to judgment in its favor the amount of the assessed and accrued federal tax liabilities of Mr. McWilliam, listed in paragraph 1213 above, including taxes, penalties, interest, fees, and statutory additions, which, as of May 31, 2025, are expected to total $327,860.62, plus interest, penalties, and statutory additions accruing thereon from May 31, 2025, to the date of judgment, (less any payment made and accredited against the foregoing), for tax year 2010;

c) declaring that the Defendants'McWilliams's interest in the Property is subject to valid and existing federal tax liens;

d) declaring that with respect to the Defendants'McWilliams's interest in the Property, the DefendantsMcWilliams, and all other persons whose interest is subordinate to or

recorded after the attachment of the United States' liens, be forever barred and foreclosed from all right, title, claim, lien or other interest in the Property;

  e) directing the foreclosure of the federal tax liens upon the ~~Defendants'~~McWilliams's interest in the Property and the sale of the entire Property by an officer of this Court, with the proceeds attributable to the ~~Defendants'~~McWilliams's interest in the property to be applied to the debt due to the United States under the liens, together with interest to the date of payment, plus costs and disbursements of this action;

  f) adjudging the ~~Defendants'~~McWilliams liable for a deficiency judgment, in the event of a deficiency in the amount collected upon the sale of the Property, in the amount of any such deficiency; and

  g) granting the United States its costs, disbursements, and such further relief against ~~Defendants~~McWilliams as the Court may deem just and proper.

Date: New York, New York
   ~~May 16~~September 30, 2025

         Respectfully submitted,

         JAY CLAYTON
         United States Attorney
         Southern District of New York

     By: /s/ ~~Tara Schwartz~~*Mary Ellen Brennan*
         MARY ELLEN BRENNAN
         TARA SCHWARTZ
         Assistant United States ~~Attorney~~Attorneys
         86 Chambers Street, 3rd Floor
         New York, New York 10007
         Tel: (212) 637-2633 / 2652
         Email:
         ~~tara.schwartz~~tara.schwartz@usdoj.gov
            maryellen.brennan@usdoj.gov